UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 08-20548

v.

Honorable Nancy G. Edmunds

D-4 DWAYNE TOLAND,

    Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT TOLAND'S MOTION TO DISMISS FOR VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL [41]**

Defendant Dwayne Toland has been charged in a multi-count indictment with a number of offenses stemming from his alleged involvement in a conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841. Currently before the Court is Toland's motion to dismiss Counts One and Six of the First Superseding Indictment on the grounds that his Sixth Amendment right to a speedy trial has been violated. For the reasons stated more fully below, the Court DENIES Toland's request. [41]

Between 1998 and July 2009, the Government alleges that Toland–at the direction of Defendant Bernardo Santana–was distributing kilogram quantities of heroin around the Detroit, Michigan area. According to Toland, the Government failed to preserve evidence from two significant events giving rise to the Indictment: (1) a traffic stop of a Jeep containing over $133,000 in cash, and (2) the execution of a search warrant uncovering five guns and drug paraphernalia at Toland's home. While Toland maintains that the Government's actions have compromised his right to a speedy trial under the Sixth

Amendment, there is nothing in the record to substantiate this contention. Moreover, Toland confuses his pre-indictment concerns with the standard applicable to post-indictment delay.

As the Sixth Circuit has made clear, pre-indictment delay and post-indictment delay are separate issues. Pre-indictment delay is governed by the Fifth Amendment, *see United States v. Rogers*, 118 F.3d 466, 475-76 (6th Cir.1997), while post-indictment delay is a Sixth Amendment matter, *see United States v. Graham*, 128 F.3d 372, 374 (6th Cir.1997). The Sixth Amendment right to a speedy trial does not come into play until "arrest, indictment or other official accusation." *Doggett v. United States*, 505 U.S. 647, 655, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Moreover, the speedy trial clause does not "require the Government to discover, investigate, and accuse any person within any particular period of time." *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). According to Toland, "in this case, the delay from the July 1, 2009 incident until the indictment was fifty-seven (57) months, meeting the presumptively prejudiced requirement . . . ." (Toland Mot. 3). In other words, the genesis of Toland's claim arises from pre-indictment delay, and is thus more properly analyzed under the Fifth Amendment.

Any argument regarding pre-indictment delay "must be based on the due process clause, and to establish such a due process violation, a defendant must establish that the delay resulted in 'actual prejudice to the conduct of the defense' and that the government 'intentionally delayed to gain some tactical advantage' over the defendant.' " *United States v. Brodie*, 326 F. Supp. 2d 83, 87 (D.D.C. 2004) (citing *United States v. Marion*, 404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Here, Toland asserts that he suffered prejudice as a result of the Government's failure to preserve certain evidence, namely: a

truck, cash, guns, and other drug paraphernalia that was seized during the course of the Government's investigation. This statement is, at best, a half-truth. While it's accurate, according to the Government, that "law enforcement is no longer in possession of the cash or [truck]–both have been forfeited–there are photographs of these items . . . available for Toland's review and inspection." (Gov. Resp. 14). Toland fails to identify any reason why the Government should have maintained custody of these items, or, more importantly, the benefit to be gained from a physical inspection. With respect to the guns and drug trafficking paraphernalia, the Government maintains that it "is in possession of those items and they are available for Toland's inspection." *Id.* In sum, Toland falls far short of establishing prejudice under *Marion* and its progeny. Additionally, there is nothing to suggest that the Government gained any strategical advantage by forfeiting the cash and truck. *See United States v. Foxman*, 87 F.3d 1220, 1224 (11th Cir.1996) (ten-year delay did not violate defendant's due process rights in absence of showing of intentional action to gain tactical advantage).

Nor would a Sixth Amendment challenge for post-indictment delay fare any better. In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court established a four-factor test to determine whether a defendant's constitutional right to a speedy trial is violated. The factors are: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant. *Id.* at 530–32.

With respect to the length of delay, whether the Court uses the date of the first indictment (April 3, 2014) or the date of its unsealing (February 10, 2015), is really of no consequence- the Sixth Circuit has, in at least one instance, found that a ten-month delay

3

is presumptively prejudicial. *See United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007). Despite this passage of the time, the delay here cannot be attributed to any fault by the Government. Indeed, in addition to the standard delay associated with pre-trial practice–e.g. discovery review, plea negotiations, etc.–Toland has filed two dispositive motions in this case. Moreover, on at least two occasions Toland has stipulated to excludable delay under the Speedy Trial Act. (Dkt. No. 33, 38). Finally, "there is no suggestion that the government acted with bad faith or had a dilatory motive, and the record does not reveal any "official negligence" by the goveMrnment." *Brodie*, 326 F. Supp. 2d at 88 (quoting *Doggett v. United States*, 505 U.S. at 656–57).

The third and fourth factors likewise militate against a speedy trial violation. Other than filing this motion, Toland has done nothing to enforce his right to a speedy trial- in fact, he's taken the opposite approach by agreeing to exclude certain periods of time from the speedy trial calculus. In addition, Toland has failed to put forth any plausible basis in support of the argument that the delay has resulted in actual prejudice. As previously explained, the Court is not persuaded by his argument regarding the "erosion of evidence." Finally, during the 10 month period that the indictment was sealed, Toland suffered "neither pretrial detention, nor personal anxiety and public obloquy, often the most obnoxious concomitants of an indictment," *United States v. Alo*, 439 F.2d 751, 755 (2d Cir.1971), and since his arrest he has remained on bond. *See Barker*, 407 U.S. at 532, 92 S.Ct. 2182 (Sixth Amendment's speedy trial provision is intended, in part, to prevent undue "oppressive pretrial incarceration"). For these reasons, the *Barker* factors weigh against Toland's claim, and the Court thus DENIES his motion. [41]

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager