UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.

BERNARDO SANTANA,

  Defendants.
             /

Case No. 08-20548
     11-20177

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO CONSOLIDATE CASE NO. 11-20177 WITH CASE NO. 08-20548 [18] & [43]**

Defendant Bernardo Santana has been charged in a single-count indictment with conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. §§ 841. Currently before the Court is the Government's motion to consolidate Santana's trial with Case No. 08-20548, *United States v. Vargas-Adames*, *et al* ("Vargas Case"). While Santana does not oppose the Government's request, Dwayne Toland, a Defendant in the Vargas Case, maintains that trying the cases together will significantly impair his right to a fair trial. For the reasons stated more fully below, the Court GRANTS the Government's request. [18] & [43].

Between 1998 and July 2009, the Government alleges that Santana–hailing from the Dominican Republic–was distributing kilogram quantities of heroin to local dealers in Detroit, Michigan. Santana's co-conspirators–identified as Bernardo Vargas-Adames, Angel Contreras, Burton Norfleet, and Dwanye Toland ("Dealer Defendants" or "Vargas Case")–were charged in a series of sealed indictments with various crimes ranging from

conspiracy, possession, and firearms offenses. According to the Government, the DEA's investigation of the Dealer Defendants ultimately led them to Santana, who was separately indicted in 2011. The Santana matter was identified as a companion to the Vargas Case. The indictments in both cases remained sealed until February 2015- a short time after Santana was arrested in the Dominican Republic and extradited to the United States. Both matters are tentatively set for trial in January 2016.

The Government now seeks to consolidate the trial of Santana and the Dealer Defendants pursuant to Federal Rules of Criminal Procedure 8 and 13. Rule 13 provides authority for the Court to order that separate cases be tried together "if all offenses and all defendants could have been joined in a single indictment or information." Moreover, under Rule 8(a), "[t]he indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, . . . constituting an offense or offenses." In evaluating joinder of defendants, the Sixth Circuit has explained that:

> [a] strong policy presumption exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts. Society has an interest in speedy and efficient trials. Separate trials produce additional labor for judges and juries, which results from the unnecessary repetition of evidence and trial procedures. Moreover, the risk of prejudice to defendants in a joint trial is presumably low, because juries are presumed capable of sorting evidence and considering separately each count and each defendant. These considerations are overcome only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable determination about guilt or innocence.

*United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006).

Here, Toland argues that "while Mr. Santana is allegedly involved with the [Dealer Defendants] . . . there will be no evidence produced at trial to establish that Defendant Toland had any contact with . . . [Vargas-Adames, Contreras, or Norfleet]." (Toland Resp.

2). In other words, Toland does not appear to take issue with the addition of Santana, but rather his inclusion in the Vargas Case. This is nonsensical for a number of reasons. First, the Government's motion to consolidate only implicates the joinder of Santana- the remaining Defendants were all charged in the same indictment and are thus part of the same (Vargas) case. "As a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.' " *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002). To the extent that Toland is seeking relief from "prejudicial joinder" with the Dealer Defendants, his request is more properly brought as a motion to sever under Federal Rule of Criminal Procedure 14.

Finally, even assuming, *arguendo*, that "Toland was [not] involved in any conspiracy with any of his co-defendants", (Toland Resp. 2), there is seemingly no dispute that each of the Dealer Defendants is linked to a single illicit drug distribution scheme managed by Santana. "[A] single conspiracy does not become multiple conspiracies simply because each member of the conspiracy did not know every other member, or because each member did not know of or become involved in all of the activities in furtherance of the conspiracy." *United States v. Warner*, 690 F.2d 545, 548 (6th Cir.1982). Indeed, the Sixth Circuit has been clear that "two parties, on the same horizontal level of distribution, can be part of a single 'chain' conspiracy.' " *Caver*, 470 F.3d at 236.

Accordingly, the Government's motion to consolidate the Santana matter (11-20177) with the Vargas Case (08-20548) for purposes of trial is hereby GRANTED. [18] & [43]

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: November 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2015, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager