UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                    Case No. 08-20548

                                          Honorable Nancy G. Edmunds

v.

DWAYNE TOLAND,

    Defendant-Petitioner.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [143]**

This matter comes before the Court on Defendant-Petitioner Dwayne Toland's

pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

(ECF No. 143.)  The government opposes the motion.  (ECF No. 154.)  Defendant has

filed a reply.  (ECF No. 158.)  For the reasons set forth below, the Court DENIES

Defendant's § 2255 motion.

**I.      Background**

This case stems from a DEA investigation, which began in 2007, of Bernardo

Santana, a heroin trafficker who was in the Dominican Republic.  Santana would obtain

large amounts of heroin and split them among distributors in Detroit, including

Defendant, who would then broker sales to buyers in the area.

Even though federal agents executed a search warrant at Defendant's home in

June 2009, the government did not seek charges against Defendant until several years

later so that the investigation could proceed toward the arrest of Santana himself.  In

1

February 2015, a DEA agent interviewed Defendant.  According to the agent, Defendant admitted to knowing Santana since the 1990s and brokering heroin transactions between Santana and a friend.

The grand jury returned a superseding indictment against Defendant and three other individuals on February 10, 2015.  (ECF No. 6.)  Several months later, Defendant filed a motion to dismiss, arguing that the statute of limitations was violated because the government improperly sealed the indictment.  (ECF No. 34.)  He also alleged a violation of the speedy indictment provision of the Speedy Trial Act.  (*Id.*)  Defendant's motion was denied.  (ECF No. 116.)  Defendant later filed a second motion to dismiss, alleging a violation of his Sixth Amendment right to a speedy trial.  (ECF No. 41.)  The Court denied that motion as well.  (ECF No. 52.)  At trial, Defendant was acquitted of a gun charge but convicted of conspiracy to possess with intent to distribute at least one kilogram of heroin.  (ECF No. 84.)  He was then sentenced by this Court to a term of imprisonment of 140 months. (ECF No. 107.)

On appeal, Defendant argued the evidence was insufficient to sustain his conviction, certain out-of-court statements of his co-conspirators were inadmissible, the government produced evidence of multiple conspiracies that varied from the single conspiracy alleged in the indictment, certain expert testimony was improperly admitted, and that his trial did not begin soon enough.  *See United States v. Toland*, 717 F. App'x 560, 564-67 (6th Cir. 2017).  He also challenged his sentence.  *See id.* at 567.  The Sixth Circuit affirmed both Defendant's conviction and sentence.  *See id.*  Defendant then filed a petition for writ of certiorari to the United States Supreme Court, but his

petition was denied.  (ECF Nos. 130, 131.)  Defendant now brings this pro se motion

pursuant to § 2255, arguing that his conviction should be vacated.

## II.      Standard of Review

Under § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . .

claiming the right to be released . . . may move the court which imposed the sentence to

vacate, set aside or correct the sentence."  To prevail on a § 2255 motion, the petitioner

must allege:  "(1) an error of constitutional magnitude; (2) a sentence imposed outside

the statutory limits; or (3) an error of fact or law that was so fundamental as to render

the entire proceeding invalid."  *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir.

2003) (quotation marks and citation omitted); *see also Anderson v. United States*, 246

F. Supp. 2d 758, 760 (E.D. Mich. 2003).

## III.     Analysis

Defendant argues that his right to a speedy trial was violated, there was a statute

of limitations violation, and he received ineffective assistance of counsel.

### A.      Defendant is Barred from Relitigating his Sixth Amendment Claim.

Prior to trial, Defendant moved to dismiss the indictment, arguing the government

violated his Sixth Amendment right to a speedy trial.  (ECF No. 41.)  The Court

determined that because Defendant's claim concerned pre-indictment delay, rather than

post-indictment delay, it was more properly analyzed under the Fifth Amendment.  (ECF

No. 52, PgID 251.)  The Court ultimately found that Defendant could not establish a

Fifth Amendment claim for pre-indictment delay or a Sixth Amendment claim for post-

indictment delay.  (*Id.* at PgID 251-53.)  On direct appeal, Defendant raised his Sixth

Amendment claim, but the Sixth Circuit affirmed.  *See Toland*, 717 F. App'x at 566-67.

Defendant now raises this issue again.  But where an argument was raised on

direct appeal, a § 2255 petitioner is generally barred from re-litigating that same

argument unless there are exceptional circumstances, such as changes in the law

governing the case.  *See Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

There are no exceptional circumstances or changes in the law that would lead the Court

to revisit this issue.  Defendant's Sixth Amendment claim is therefore barred.

### B. Defendant Procedurally Defaulted his Fifth Amendment and Statute of Limitations Claims.

Defendant also now reasserts his Fifth Amendment claim.  In addition, he

repeats his argument that the statute of limitations was violated because the

government improperly sealed the indictment.  However, as a general rule, "claims not

raised on direct appeal may not be raised on collateral review." *Massaro v. United

States*, 538 U.S. 500, 504 (2003).  "In the case where the defendant has failed to assert

his claims on direct appeal and thus has procedurally defaulted, in order to raise them in

a § 2255 motion he also must show either that (1) he had good cause for his failure to

raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is

actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing

*Bousley v. United States*, 523 U.S. 614, 622 (1998)).  In order to show actual prejudice,

the defendant must show "not merely that the errors at his trial created a *possibility* of

prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his

entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S.

152, 170 (1982) (emphasis in original).  To show actual innocence, the defendant must

show that "it is more likely than not that no reasonable juror would have convicted him."

*Bousley*, 523 U.S. at 623 (quotation marks and citations omitted).  "The hurdle [a

defendant] faces in excusing his procedural default is intentionally high, for respect for

the finality of judgments demands that collateral attack generally not be allowed to do

service for an appeal." *Peveler v. United States*, 269 F.3d 693, 700 (6th Cir. 2001)

(quotation marks and citation omitted).

By not raising them on direct appeal, Defendant procedurally defaulted his Fifth

Amendment and statute of limitations claims.  He has not established good cause for

his failure to raise these issues on appeal.  Nor can he show these alleged errors

worked to his actual prejudice.  In fact, the Court considered and rejected both of these

claims prior to trial.  And Defendant cannot show actual innocence.  As the Sixth Circuit

found, the evidence at trial was sufficient to support the jury verdict in this case.  *See*

*Toland*, 717 F. App'x at 564.  In sum, Defendant has not presented anything that would

excuse the procedural default of his Fifth Amendment and statute of limitations claims.

### C.    Defendant Has Not Established Ineffective Assistance of Counsel.

Defendant argues his counsel was ineffective for a number of reasons.  A

defendant has a right to "reasonably effective assistance" of counsel.  *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984).  To establish an ineffective assistance of

counsel claim, the defendant must prove both that 1) "counsel's performance was

deficient" and 2) "the deficient performance prejudiced the defense."  *Id.*  The first prong

"requires showing that counsel made errors so serious that counsel was not functioning

as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  The second

prong "requires showing that counsel's errors were so serious as to deprive the

defendant of a fair trial, a trial whose result is reliable."  *Id.*

"[T]here is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989).  In addition, "a reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993).  "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  The defendant bears the burden of proving both prongs of the analysis.  *Id.* at 687.

### 1.    Statute of Limitations

Defendant contends his counsel was ineffective for failing to move for dismissal of the indictment because the statute of limitations had expired.  The government argues that the indictment was filed within the limitations period.

The applicable statute of limitations period is five years.  *See* 18 U.S.C. § 3282. For a continuing offense like conspiracy, the statute of limitations period is measured from the last overt act.  *United States v. Lash*, 937 F.2d 1077, 1081 (6th Cir. 1991). Because Defendant was charged with conspiracy to distribute heroin on April 3, 2014, for the charge to have been timely, there must have been an overt act on or after April 3, 2009.  As an overt act that took place after this date, the government points to evidence that two co-conspirators brought three kilograms of heroin to Defendant's home on April 15, 2009 and kept them there until they could be sold to Santana's

customers.  (*See* ECF Nos. 98, 100.)  Because the record demonstrates there was

evidence at trial of an overt act within the limitations period, defense counsel's

performance was not deficient in failing to raise a statute of limitations defense.

### 2.    Speedy Trial Act Violation

Defendant alleges his counsel was ineffective for failing to file a motion to

dismiss for violation of the Speedy Trial Act.[1]  The government argues that there was no

violation, but even if there was, Defendant cannot show he was prejudiced by his

counsel's failure to bring such a motion.

The Speedy Trial Act requires that a defendant's trial commence within 70 days

from the date of indictment or arraignment, whichever is later.  18 U.S.C. § 3161(c)(1);

*see also United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989).  Certain

enumerated pre-trial delays are excluded from this 70-day timeframe, however.  *See* §

3161(h).  If the 70-day deadline is not honored, as extended by § 3161(h), the

indictment "shall be dismissed on motion of the defendant."  § 3162(a)(2).

Defendant first appeared on February 10, 2015, but "when multiple defendants

are charged together, . . . one speedy trial clock governs."  *See United States v. Sobh*,

571 F.3d 600, 602 (6th Cir. 2009) (citations omitted).  Thus, Defendant's speedy trial

clock started to run on the day his co-defendant, Angel Contreras, appeared—March

23, 2015.  Defendant's trial did not begin until 470 days later—on July 5, 2016.

Defendant argues that of those days, 359 days were excludable while 111 days were

not, constituting a violation of the Speedy Trial Act.  More specifically, Defendant

---

[1] Defendant raised this argument on direct appeal, but the Sixth Circuit found it premature and declined to address it.  *See Toland*, 717 F. App'x at 567.

concedes that the following time periods were excludable: May 26, 2015 through and including November 23, 2015; December 9, 2015; and January 12, 2016 through the commencement of trial on July 5, 2016.[2]  (ECF No. 143-1, PgID 1422.)  The leaves the following time periods in dispute:  a 63-day period between March 23, 2015 and May 26, 2015 and a 48-day period between November 23, 2015 and January 12, 2016.

The government asserts the first time period was excludable pursuant to an order in which the Court found that the ends of justice served by the delay—between January 20, 2015 and September 16, 2015—outweighed the best interests of the defendant and the public in a speedy trial under § 3161(h)(7).  (ECF No. 33, PgID 106-07.)  Defendant argues that this order was improper as to the time period preceding May 26, 2015, because it was entered upon the Court's review of a stipulation between the parties to exclude the time between May 26, 2015 and September 2015.  However, an ends-of-justice continuance does not require a defendant's consent where the district court makes its own findings.  *See Sobh*, 571 F.3d at 603.  Here, while the parties' stipulation did not include the same time period as the Court's order, by setting forth information regarding the complexity of the case and noting that the discovery process had started after the defendants' arraignment and was ongoing, it sufficiently provided a basis upon which the Court made its findings.

---

[2] Despite this concession, Defendant argues elsewhere in his motion that he was pressured into waiving his Speedy Trial Act rights on January 21, 2016 and that this waiver was inappropriate under *Zedner v. United States*, 547 U.S. 489 (2006). (ECF No. 143-1, PgID 1427.)  This argument has no merit.  In *Zedner*, 547 U.S. at 503, the Supreme Court rejected an open-ended defense waiver of Speedy Trial Act rights "for all time."  Here, Defendant requested new counsel only one week prior to his trial date— a request the Court had the discretion to deny—and waived his Speedy Trial Act rights for relatively short periods of time so he could obtain new counsel and so his new counsel could prepare for trial.

The government asserts that the second time period was excludable because Contreras' Rule 11 plea agreement was taken under advisement by the Court after he pleaded guilty on October 19, 2015.  While the Sixth Circuit has found the time during which a court was considering the plea agreement of a co-defendant excludable, it did so after "evaluating the reasonableness of the delay within the context of all circumstances impacting the tendered plea."  *See United States v. Culpepper*, 898 F.2d 65, 68 (6th Cir. 1990).  Here, there is no need for the Court to undertake this analysis, because only 48 purportedly non-excludable days—less than the 70-day mandate— hinge on this issue.

In sum, because the first time period Defendant disputes was excludable pursuant to the Court's ends-of-justice order, irrespective of the second time period, there was no Speedy Trial Act violation.  Therefore, defense counsel's performance was not deficient in failing to raise this issue in a motion to dismiss.

Even *if* there was a Speedy Trial Act violation, however, Defendant has not shown prejudice under *Strickland*.  Where a violation under the Speedy Trial Act occurs, the district court has the discretion to dismiss the indictment either with or without prejudice.  *See* 18 U.S.C. § 3162(a)(2).  Thus, for Defendant to demonstrate prejudice, he must show that had his counsel filed a motion to dismiss, the indictment would have been dismissed with prejudice.  *See Sylvester v. United States*, 868 F.3d 503, 511 (6th Cir. 2017); *McAuliffe v. United States*, 514 F. App'x 542, 546 (6th Cir. 2013).  When deciding whether to dismiss the indictment with or without prejudice, courts consider the following factors:  "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration

of [the Speedy Trial Act] and on the administration of justice." § 3162(a)(2).  This

includes a consideration of which party was responsible for the delay.  *See McAuliffe*,

514 F. App'x at 546 (citing *Bloate v. United States*, 559 U.S. 196, 214-15 (2010)).

Here, Defendant was charged with a serious offense—conspiracy to distribute

over one kilogram of heroin—for which he was ultimately sentenced to a term of

imprisonment of 140 months.  Moreover, the delay between the indictment and trial was

due in part to the complexity of a case with four co-defendants, and Defendant himself

stipulated to several adjournments of the trial date in this case.  *See id.* at 546.  There is

no evidence of bad faith or any attempt to take advantage of the delay on the part of the

government.  Nor does Defendant allege he suffered any actual prejudice as a result of

the delay or that the government engaged in prosecutorial misconduct that must be

deterred to ensure compliance with the Speedy Trial Act.  *See United States v. Howard*,

218 F.3d 556, 562 (6th Cir. 2000).  Thus, even if there was a violation of the Speedy

Trial Act, all of the relevant factors would have weighed in favor of dismissing the

indictment without prejudice.  Because any dismissal would have been without

prejudice, Defendant has not shown prejudice.  *See Sylvester*, 868 F.3d at 513;

*McAuliffe*, 514 F. App'x at 546.

Defendant argues that if the indictment had been dismissed without prejudice,

the statute of limitations would have barred the government from re-indicting him.

However, the savings clause in 18 U.S.C. § 3288 gives the government a six-month

period during which it can re-indict a defendant "[w]henever an indictment . . . is

dismissed for any reason after the period prescribed by the applicable statute of

limitations has expired."  This clause applies to a case were an indictment is dismissed

without prejudice under the Speedy Trial Act. *See United States v. Rushin*, 642 F.3d 1299, 1304 (10th Cir. 2011); *United States v. Shipsey*, 363 F.3d 962, 971 (9th Cir. 2004). Thus, even if the statute of limitations had expired, the government could have re-indicted Defendant by relying on the savings clause.

In sum, even if there was a Speedy Trial Act violation, Defendant has not met his burden of showing that the result of the proceeding would have been different had counsel moved for dismissal of the indictment on this basis.

### 3.      Discovery Motions

Defendant also asserts that his counsel was ineffective for failing to file a motion for discovery materials. However, counsel is not always required to file discovery motions. Nor does a defense request for discovery alter the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Here, the record establishes that defense counsel received discovery. Defendant does not identify any additional piece of discovery that the government should have provided or explain how this discovery would have made a difference in the outcome of his case. In sum, Defendant has not met his burden of showing that defense counsel was ineffective for failing to file a discovery motion.

### 4.      Additional Investigation

Defendant also claims that his counsel was ineffective for a number of miscellaneous reasons—for example, for stipulating to the drug analysis, not getting an independent fingerprint analysis, "fail[ing] to prepare" to cross-examine government witness Ernesto Romero Lebron, and not investigating Spanish documents authorizing a wiretap. There is no evidence, however, to suggest defense counsel acted

unreasonably with regard to any of these claims or that Defendant was prejudiced by any alleged errors.  In fact, defense counsel did question Lebron, who during this cross-examination admitted that he did not know or recognize Defendant.  (ECF No. 100, PgID 642-48.)  Defendant does not explain how any additional preparation would have altered this questioning.  Nor has he explained why the wiretap evidence should have been excluded or what additional drug and fingerprint analysis would have revealed.  In sum, Defendant has not shown that had defense counsel performed additional investigation or made different strategic choices in this case, the result of the proceeding would have been different.

### 5.     *Miranda* Warnings and Post-Arrest Statements

Defendant argues his counsel should have moved to suppress the incriminating statements he made after his arrest.  During trial, the two agents who interviewed Defendant testified about his statements regarding brokering heroin deals with his co-defendant.  (ECF No. 101, PgID 726; ECF No. 100, PgID 650.)  They stated that he was advised of his *Miranda* rights, and the form Defendant signed waiving those rights was admitted into evidence.  (*See id.*)

Defendant now avers that that he was not given his *Miranda* warnings until after the interview.  The government has submitted declarations from both Defendant's attorneys, however, noting that prior to trial they received from the government a DEA report that stated that Defendant waived his *Miranda* rights prior to the interview as well as the *Miranda* waiver form; they shared these materials with Defendant and went over them with him.  (ECF Nos. 154-2, 154-3.)  Yet, they were never advised by Defendant of this new version of the events.  In light of these declarations and the entire record in

this matter, the Court finds Defendant's allegations incredible and contradicted by the record.[3]  Thus, Defendant has not shown that defense counsel's performance was deficient in failing to file a motion to suppress his post-arrest statements.

### 6.  Sixth and Fifth Amendment Claims

Finally, in his reply, Defendant attempts to repackage the Sixth and Fifth Amendment claims discussed above as ineffective assistance of counsel claims. However, defense counsel raised the Sixth Amendment claim in a motion to dismiss prior to trial.  Even though the Court ultimately denied that claim, defense counsel's performance was not deficient in this regard.  And while counsel did not bring a Fifth Amendment claim by name, Defendant cannot show this prejudiced his defense when the Court considered the claim on the merits and denied it.

## IV.  Request for Evidentiary Hearing

Defendant requests the Court hold an evidentiary hearing in connection with this motion.  After reviewing the briefs and materials submitted by the parties and the entire record in this case, the Court finds an evidentiary hearing is not needed because "the record conclusively shows that the petitioner is entitled to no relief."  *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quotation marks and citation omitted).

## V.  Certificate of Appealability

Federal Rule of Appellate Procedure 22(b) provides that a petitioner cannot take an appeal in § 2255 proceeding unless a certificate of appealability is issued under 28

---

[3] And to the extent Defendant argues in his reply that defense counsel's declarations do not address his contention that the statements attributed to him were false, the Court notes that the weight, if any, that was assigned to the agents' testimony was a matter for the jury.  And, in fact, defense counsel challenged the agents' credibility and argued they had a motive to fabricate their testimony during trial.

U.S.C. § 2253(c).  Rule 11 of the Rules Governing Section 2255 Proceedings requires

that a "district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant."  To receive a certificate of appealability, "a petitioner

must show that reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further."  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted).

Because Defendant has failed to show that reasonable jurists could debate

whether his petition should have been resolved in a different matter, the Court denies

him a certificate of appealability.

## VI.     Conclusion

Based upon the foregoing, IT IS ORDERED that Defendant's motion for post-

conviction relief is DENIED WITH PREJUDICE.  IT IS FURTHER ORDERED that a

certificate of appealability is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated: December 10, 2020


I hereby certify that a copy of the foregoing document was served upon counsel of record
on December 10, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager